UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIONTAE HARPER, a/k/a "Chubbs,"<br>AMONTI McCLURE, a/k/a "Monti" or<br>"Lil Monti Bucks" | Violations: Title 18, United States Code, Sections 1959(a)(1) and 2 |

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

At times material to this Indictment:

1. Defendants DIONTAE HARPER, a/k/a "Chubbs," AMONTI McCLURE, a/k/a "Monti" or "Lil Monti Bucks," Keshawn Wordlow, and others known and unknown to the Grand Jury were members and associates of the Faceworld street gang, a criminal organization whose members and associates engaged in acts of violence, including, but not limited to, acts involving murder, assault with a dangerous weapon, assault resulting in serious physical injury, and possession with intent to distribute, and the distribution of, controlled substances, and which operated on the South Side of Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere.

2. The Faceworld Enterprise, including its leaders, members, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce. The Faceworld Enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

    3.    The Faceworld Enterprise engaged in a longstanding and violent feud with several rival street gangs, including "Wuga World," "Disciples of David" also known as "DOD," and "900," among others. Over the course of these conflicts, Faceworld enterprise members and associates committed acts of violence against their rivals, inside areas controlled by rival street gangs, and in areas in which Faceworld members believed their rivals were present.

    4.    The purposes of the enterprise included, but were not limited to, the following:

    a.    Acquiring, preserving, and protecting power, territory, operations, and proceeds for the enterprise through the use of threats, intimidation, and violence, including, but not limited to, murder and other acts of violence, and the illegal trafficking in controlled substances;

    b.    Promoting and enhancing the enterprise and its members' and associates' activities, including by publicly claiming responsibility for acts of violence committed by the enterprise and taunting rival gang members;

    c.    Keeping victims, rival gang members, and witnesses in fear of the enterprise and its leadership, members, and associates through acts and threats of violence;

    d.    Increasing the status of the enterprise through the use of social media platforms and producing and marketing songs, music recordings, and music

videos; and

      e.    Preventing law enforcement's detection of the enterprise's criminal activities.

    5.    At times relevant to this Indictment, the Faceworld Enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

      a.    Acts involving murder, in violation of the laws of the State of Illinois; and

      b.    Offenses involving the possession with intent to distribute and the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

    6.    On or about May 13, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

          DIONTAE HARPER, a/k/a "Chubbs," and
AMONTI McCLURE, a/k/a "Monti" and "Lil Monti Bucks,"

defendants herein, together with Keshawn Wordlow and others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in Faceworld, an enterprise engaged in racketeering activity, did knowingly commit the murder of Paul Harris, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1(a), 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Section 1959(a)(1) and 2.

3

## NOTICE OF SPECIAL FINDINGS

1. The allegations set forth in Paragraphs 1 through 6 of the Indictment are incorporated here.

2. The defendants DIONTAE HARPER and AMONTI McCLURE:

    a. Were eighteen years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

    b. Intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    c. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

    d. In the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

4

e. Committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

3. The defendant DIONTAE HARPER:

a. Intentionally killed the victim, Paul Harris (Title 18, United States Code, Section 3591(a)(2)(A)); and

b. Committed the offense in the expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY

5